# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EMILIE A. SCHROEDER,
                Appellant,

DOCKET NUMBER
DE-0752-14-0402-I-1

v.

DEPARTMENT OF THE ARMY,
                Agency.

DATE: August 4, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joshua L. Klinger, Esquire, Denver, Colorado, for the appellant.

Richard C. Wolfe, Esquire, Fort Huachuca, Arizona, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　　The appellant held the position of Training Instructor, operating unmanned aircraft systems and teaching others how to do the same. Initial Appeal File (IAF), Tab 4 at 17, 114-17. In 2013, the agency removed her for charges that included failing to meet a condition of employment pertaining to medical fitness, but an administrative judge reversed the action because of a due process violation. *Schroeder v. Department of the Army*, MSPB Docket No. DE‑0752‑13‑1678-I-1, Initial Decision (Dec. 30, 2013).

¶3　　　The agency proposed the appellant's removal again in January 2014, this time relying solely on a charge of failing to meet a condition of employment pertaining to medical fitness. IAF, Tab 4 at 43-45. The deciding official sustained the removal action, *id*. at 19-23, and this appeal followed, IAF, Tab 1.

¶4　　　After holding the requested hearing, the administrative judge affirmed the appellant's removal. IAF, Tab 20, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. Her lone argument on review is that the agency once again has violated her due process rights. *Id*. at 4-12. Specifically, she alleges that the deciding official improperly relied on ex parte information. *Id*. The agency has filed a response, and the appellant has replied. PFR File, Tabs 5-6.

¶5      Pursuant to the U.S. Court of Appeals for the Federal Circuit's decisions in *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decisions on the merits of a proposed charge or the penalty to be imposed. *Ward*, *Stone*, and their progeny recognize, however, that not all ex parte communications rise to the level of due process violations; rather, only ex parte communications that introduce new and material information to the deciding official are constitutionally infirm. *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 8 (2012).

¶6      The following factors are used to determine if ex parte information is new and material: (1) whether the ex parte information introduced cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was of the type likely to result in undue pressure on the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377. Ultimately, we must determine "whether the ex parte communication is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Id*.

¶7      The appellant alleges that the deciding official committed a due process violation by comparing her failure to meet a condition of employment, which is not listed in the agency's table of penalties, with two charges that are listed in the table—false statements and failure to observe written rules.[2] PFR File, Tab 3 at 6, 8-11 (referencing IAF, Tab 15 at 4-10, Tab 18, Hearing Compact Disc (HCD) (testimony of M.F.)). We disagree.

---

[2] The letter proposing the appellant's removal did place her on notice that the agency's table of penalties was considered, but it did not specify how the table applied to the charge at issue. IAF, Tab 4 at 43.

¶8        While testifying about the reasonableness of the penalty, the deciding official recognized that one *Douglas* factor is the consistency of the penalty with any agency table of penalties.  HCD (testimony of M.F.); *see Douglas v. Veterans Administration*, [5 M.S.P.R. 280](), 305 (1981).  When further pressed about how he considered that factor, the deciding official identified charges delineated in the table of penalties that he considered most comparable to the charge at issue.  HCD (testimony of M.F.); *see* IAF, Tab 15 at 4-10.  However, he also noted that even the best comparisons within the table of penalties were distinguishable from the appellant's failure to meet a condition of employment.  HCD (testimony of M.F.).  The deciding official explained that, while all the charges in the table of penalties were misconduct offenses, the appellant's failure to meet a condition of employment was not.  *Id.*; *see* IAF, Tab 15 at 4-10.  He indicated that, unlike misconduct matters requiring some level of discipline, the appellant's failure to meet a condition of employment flowed from her medical status, by no fault of her own, rendering her incapable of performing her duties.  HCD (testimony of M.F.).  Accordingly, the facts of this case differ from those in which an employee is on notice of one charge, but a deciding official treats that charge as something altogether different to support an enhanced penalty.  *Cf. Jenkins v. Environmental Protection Agency*, [118 M.S.P.R. 161](), ¶¶ 9, 12 (2012) (finding a *Ward*/*Stone* violation when the deciding official treated a charge as something altogether different to support a more severe penalty under the agency's table of penalties).

¶9        Under these circumstances, we agree with the administrative judge's conclusion that the deciding official's consideration of charges in the agency's table of penalties did not amount to a due process violation.  ID at 11.  For adverse actions resulting from an employee's failure to maintain a condition of employment, a table of penalties is not particularly relevant.  *See Penland v. Department of the Interior*, [115 M.S.P.R. 474](), ¶ 8 (2010) (recognizing that, in cases of a failure to maintain a condition of employment, the most relevant *Douglas* factors are the nature of the offense; its effect on an appellant's

performance of the job; and the availability and effect of alternative sanctions). The deciding official's testimony merely reflected that, as he attempted to explain how he considered each factor listed on a *Douglas* checklist. HCD (testimony of M.F.); *see* IAF, Tab 4 at 28-30. His testimony about the table of penalties does not show that he considered aggravating factors to the penalty determination or any other new information that was substantial and likely to cause prejudice. *Cf. Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 13 (2011) (reversing an adverse action for a *Ward/Stone* due process violation because the deciding official considered an employee's prior 3-day suspension as an aggravating factor in determining an appropriate penalty without prior notice).

¶10      For the same reasons, we find that the appellant's argument that she lacked prior notice of the deciding official's *Douglas* factor checklist is unavailing. PFR File, Tab 3 at 8-11 (referencing IAF, Tab 4 at 28-30). Although an agency is required to provide an employee with notice of any aggravating factors that support an enhanced penalty, *Ward*, 634 F.3d at 1280, there is no per se requirement that an agency provide an employee with a *Douglas* factor checklist. Therefore, even if the appellant was deprived prior access to the agency's *Douglas* factor checklist, the deprivation is meaningless absent evidence that the checklist contained aggravating factors supporting an enhanced penalty or any other specific information that qualifies as new and material. *See Stone*, 179 F.3d at 1377; *supra* ¶¶ 7-9.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

### Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5

of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.   *See*  42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.